**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| **AL C. TOOKS,** | § | |
| *Petitioner* | § | |
| | § | **A-20-CV-537-RP-SH** |
| **v.** | § | |
| | § | |
| **SHERIFF OF COUNTY OF** | § | |
| **KIMBLE, TEXAS,** | § | |
| *Defendant* | § | |

**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

TO:   **THE HONORABLE ROBERT PITMAN
UNITED STATES DISTRICT JUDGE**

Before the Court are Al C. Tooks' ("Petitioner") "Petition Pursuant All Writs Act for Issuance of Writ of Habeas Corpus Ad Subjiciendum" under 28 U.S.C. § 1651, filed May 18, 2020 (Dkt. 1), and "Petitioner's Motion to Strike Clerk of Court and/or Clerk's Office of the United States District Court's Presentment Dated: May 18, 2020," filed June 8, 2020 (Dkt. 6). On May 18, 2020, the District Court referred this case to the undersigned Magistrate Judge for disposition and Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1), Federal Rule of Civil Procedure 72, and Rule 1, Appendix C of the Local Rules of the U.S. District Court for the Western District of Texas.

## I.  BACKGROUND

On September 1, 2015, Petitioner, a Florida resident, was indicted in the United States District Court for the Southern District of Florida on two counts of possession with intent to distribute a controlled substance (ethylone), in violation of 21 U.S.C. § 841(a)(1). *United States v. Tooks*, 0:15-cr-60216-CMA-1 (S.D. Fla. Sept. 1, 2015). After pleading guilty to Count Two of the Indictment, the Southern District of Florida sentenced Petitioner to a 151-month term of imprisonment, three years of supervised release, a $100 special assessment fee, and an order of forfeiture. *Id.* at

1

Dkt. 44.[1] Petitioner is in custody at Federal Correctional Institution Fort Dix ("FCI Fort Dix"), Joint Base MDL, New Jersey.

Petitioner did not file a direct appeal of his conviction and sentence, but did file a motion to vacate his sentence pursuant to 28 U.S.C. § 2255, alleging ineffective assistance of counsel and that the "District Judge that imposed [his] sentence did not take the oath of office required by the Constitution" and therefore was without authority to exercise jurisdiction over Petitioner. *See Tooks v. United States*, 0:17-cv-60573-CMA (S.D. Fla. Mar. 20, 2017). On January 9, 2019, the District Court denied the § 2255 Motion entered a final judgment against Petitioner. *Id.* at Dkt. 21.

In addition to his § 2255 Motion, Petitioner filed a petition for writ of habeas corpus under 28 U.S.C. § 2241 in the United States District Court for the District of New Jersey, where he is incarcerated, arguing that he is actually innocent of the offense to which he pled guilty – possession with intent to distribute a controlled substance (ethylone) – because of the recent decision of the Eleventh Circuit Court of Appeals in *United States v. Phifer*, 909 F.3d 372 (11th Cir. 2018). *Tooks v. Warden, FCI Fort Dix*, 1:19-cv-16330-NLH (D.N.J. Aug. 5, 2019). The Court has not yet ruled on the petition under § 2241.

In his "Petition Pursuant All Writs Act for Issuance of Writ of Habeas Corpus Ad Subjiciendum," Petitioner argues that he has been "unlawfully restrained of his liberty and unlawful conversion of his property by executive seizure under color of law of Texas." Dkt. 1 at 1. Petitioner appears to attack the legality of the traffic stop in Texas and subsequent seizure of drugs that led to his conviction under 21 U.S.C. § 841(a)(1). Petitioner also complains that he is being exposed to COVID-19 at FCI Fort Dix and asks to be released from custody immediately.

---

[1] Although Petitioner is a Florida resident, the drugs were discovered during a traffic stop in Kimble County, Texas. The Western District of Texas also indicted Petitioner under § 841(a)(1), but later granted the government's motion to dismiss the indictment "to allow for the Southern District of Florida to pursue its case." *United States v. Tooks*, A-15-CR-259-LY (W.D. Tex. Sept. 15, 2015), Dkt. 7 at 1.

## II. ANALYSIS

The Court is without jurisdiction to entertain this Petition.

> Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree. It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction.

*Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U. S. 375, 377 (1994) (citations omitted). Article III, § 2 of the United States Constitution delineates "[t]he character of the controversies over which federal judicial authority may extend." *Ins. Corp. of Ireland v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 701 (1982).

> Jurisdiction of the lower federal courts is further limited to those subjects encompassed within a statutory grant of jurisdiction. Again, this reflects the constitutional source of federal judicial power: Apart from this Court, that power only exists "in such inferior Courts as the Congress may from time to time ordain and establish."

*Id.* (quoting U.S. CONST. art. III, § 1). Accordingly, "the district courts may not exercise jurisdiction absent a statutory basis." *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U. S. 546, 552 (2005).

Petitioner asserts that this Court has subject matter jurisdiction over this case pursuant to the All Writs Act, 28 U.S.C. § 1651(a). *See* Dkt. 1 at 3. Section 1651(a) provides that: "The Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law."

> Although the Supreme Court has held that the All Writs Act may authorize a court to issue commands "as may be necessary or appropriate to effectuate and prevent the frustration of orders it has previously issued in its exercise of jurisdiction otherwise obtained," almost 200 years of Supreme Court precedent establishes that the Act, originally enacted as part of the Judiciary Act of 1789, cannot serve as an independent basis of jurisdiction.

*Texas v. Real Parties In Interest*, 259 F.3d 387, 392 (5th Cir. 2001) (quoting *United States v. N.Y. Tel.*, 434 U.S. 159, 172 (1977)). Section 1651(a) "is not an independent grant of jurisdiction." *In re McBryde*, 117 F.3d 208, 220 (5th Cir.1997); *accord Renteria-Gonzalez v. INS*, 322 F.3d 804, 811 (5th Cir. 2002). Thus, the All Writs Act empowers district courts "only to issue writs in aid of jurisdiction previously acquired on some other independent ground." *Brittingham v. U.S. Comm'r*, 451 F.2d 315, 317 (5th Cir. 1971). Petitioner has not asserted an independent ground for this Court's jurisdiction. Moreover, "[t]he All Writs Act is a residual source of authority to issue writs that are not otherwise covered by statute." *Pennsylvania Bureau of Corr. v. United States Marshals Serv.*, 474 U.S. 34, 43 (1985). Thus, the Supreme Court has explained:

> Where a statute specifically addresses the particular issue at hand, it is that authority, and not the All Writs Act, that is controlling. Although that Act empowers federal courts to fashion extraordinary remedies when the need arises, it does not authorize them to issue ad hoc writs whenever compliance with statutory procedures appears inconvenient or less appropriate.

*Id.*; *see also Carlisle v. United States*, 517 U.S. 416, 429 (1996) (noting that "it is difficult to conceive of a situation in a federal criminal case today where [a writ of *coram nobis*] would be necessary or appropriate").

Here, Petitioner has alternative means of relief apart from reliance on a writ under § 1651(a) and thus may not rely on its extraordinary remedies. Both 28 U.S.C. § 2241 and 28 U.S.C. § 2255 offer Petitioner statutory remedies to challenge his confinement and sentence. A § 2241 petition attacks the manner in which a sentence is carried out or the prison authorities' determination of its duration, and must be filed in the same district where the prisoner is incarcerated. *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000). A § 2255 motion, by contrast, provides the primary means of collateral attack on a federal sentence, and must be filed in the sentencing court. *Id.* "Relief under section 2255 is warranted for errors cognizable on collateral review that occurred at or prior to

4

sentencing." *Id.* (quotations omitted). The fact that Petitioner may, and has, pursued relief under §§ 2255 and 2241 means that relief under § 1651(a) is not available to him. *Pennsylvania Bureau of Corr.*, 474 U.S. at 43.

In addition, this Court cannot construe this Petition as a petition under § 2241 because "[d]istrict courts are limited to granting habeas relief 'within their respective jurisdictions.'" *Rumsfeld v. Padilla*, 542 U.S. 426, 442 (2004) (quoting 28 U.S.C. § 2241(a)). The Supreme Court has "interpreted this language to require nothing more than that the court issuing the writ have jurisdiction over the custodian." *Id.* (citations omitted). In order to "entertain a § 2241 habeas petition, the district court must, upon the filing of the petition, have jurisdiction over the prisoner or his custodian." *United States v. Brown*, 753 F.2d 455, 456 (5th Cir. 1985). Because Petitioner is incarcerated in New Jersey, only the district court in New Jersey has jurisdiction to review his § 2241 petition. *Id.* Accordingly this Court lacks jurisdiction to afford Petitioner habeas relief under §2241. *Id.*

Similarly, the Court cannot construe the Petition as a motion to vacate under § 2255 because a § 2255 motion must be filed in the sentencing court, which, as noted above, is the Southern District of Florida. *Pack*, 218 F.3d at 451; *see also Solsona v. Warden, F.C.I.*, 821 F.2d 1129, 1132 (5th Cir. 1987) (holding that only the sentencing court has jurisdiction to hear a § 2255 motion attacking a sentence). Because Petitioner was sentenced in the Southern District of Florida, only that Court would have jurisdiction to construe his Petition as a § 2255 motion. *See Solsona*, 821 F.2d at 1132. Because the Court does not have jurisdiction to entertain the merits of this Petition, it must be dismissed. *See Lee v. Wetzel,* 244 F.3d 370, 375 (5th Cir. 2001) (holding that if district court lacks jurisdiction to entertain habeas petition, it must dismiss petition for lack of jurisdiction).

## III.  RECOMMENDATION

Based on the foregoing, the undersigned **RECOMMENDS** that the District Court **DISMISS** Petitioner's Petition Pursuant to All Writs Act for Issuance of Writ of Habeas Corpus Ad Subjiciendum under 28 U.S.C. § 1651 (Dkt. 1) for lack of jurisdiction and **DISMISS** all pending motions.

## IV.  WARNINGS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report and, except on grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1)(c); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

**SIGNED** on June 15, 2020.

SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE